IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LAKEISHIA COOPER, | ) Civil Action No. 3:06-3593-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VERIZON WIRELESS LLC, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| | ) |

Plaintiff, Leikshia Cooper ("Cooper") filed this action on December 21, 2006, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.[1] At the time, Cooper was represented by counsel. On August 6, 2007, Defendant Verizon Wireless, LLC ("Verizon") filed a motion for sanctions, seeking dismissal based on Cooper's failure to cooperate in discovery. Cooper has not responded to the motion.

The record shows that Verizon served written discovery upon Cooper on April 13, 2007. Cooper did not respond to these discovery requests. On May 17, 2007, Cooper's attorney moved to withdraw as counsel. The undersigned conducted a hearing on June 8, 2007. Cooper attended the hearing with counsel. The undersigned granted the motion of Cooper's counsel to withdraw as counsel, encouraged Cooper to retain substitute counsel, and set a deadline of June 22, 2007 for Cooper to identify new counsel. No new counsel has been identified.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

A letter was sent by Verizon to Cooper on June 8, 2007, which included a copy of the previously served written discovery. Verizon requested that Cooper respond by June 22, 2007, and notified her that Verizon would file a motion to compel if she failed to respond. Cooper did not respond to Verizon's letter. On June 22, 2007, Verizon filed a motion to compel a response to its discovery requests. Cooper did not file a response as required by Local Rule 7.06, D.S.C. On July 16, 2007, the undersigned granted Verizon's motion to compel.

Verizon now moves for sanctions pursuant to Fed. R. Civ. P. 37(b) because Cooper has failed to comply with the Court's order. The record shows that Cooper has never fully and completely responded to Verizon's discovery requests as ordered.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for a party's failure to make disclosures or to cooperate in discovery. Rule 37(b)(2) states in part:

> If a party. . . fails to obey an order to provide or permit discovery. . . the court may make such orders in regard to the failure as are just, and among others the following:...
>
> (C) An order...dismissing the action....

In Robinson v. Yellow Freight System, 132 F.R.D. 424 (W.D.N.C. 1990), affirmed 923 F.2d 849, cert. denied, 502 U.S. 831 (1991), Judge Potter discussed the proper application of Rule 37.

> Courts applying Rule 37 have found that the rule should not be applied as an initial remedy. *See generally* 4A *Moore's Federal Practice*, Par. 37.03 [2] at 37-88 (1990) (hereinafter "*Moore's*"). The harsh sanctions of dismissal cannot be utilized when the failure to obey the discovery order was a result of a party's inability to do so after good faith efforts at compliance. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 2 L.Ed.2d 1255, 78 S.Ct. 1087 (1958). Courts have generally held that there must be some element of bad faith, willfulness, gross negligence, or callous disregard of the rights of other litigants in order to justify imposition of the sanction of dismissal. *See Moore's* at 37-89.
>
> The determination of whether the factual situation of any given case justifies dismissal for violation of a discovery order is left in the sound discretion of

> the trial court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 49 L.Ed.2d 747, 96 S.Ct. 2778 (1976) (per curiam). "The question, of course, is not whether this Court, or whether the Court of Appeals would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." *Id.* at 642; *see also Wilson v. Volkswagen of American, Inc.*, 561 F.2d 494, 504 (4th Cir. 1988), *cert. denied*, 434 U.S. 1020, 54 L.Ed.2d 768, 98 S.Ct. 744 (1978). The sanction of dismissal must be available to the district court not merely to penalize conduct, but to deter those who might be tempted to such conduct in the absence of such a deterrent. Nonetheless, many courts have found that an abuse of discretion occurs when the district court dismisses an action without explicitly considering whether lesser sanction would effectively cure the improper behavior. *Moore's* at 37-94 (citing cases).
>
> The Fourth Circuit Court of Appeals has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. *See Mutual Federal Savings & Loan Association v. Richards & Associates*, 872 F.2d 88. 92 (4th Cir. 1988); *McKenna v. Sovran Bank NA*, 9 Fed. Rules Serv. 3d 1249, 1252 (4th Cir. 1987) (unpublished) (citing *Wilson*, 561 F.2d at 503-06); *Aerodyne Systems Engineering, Ltd. v. Heritage International Bank*, 115 F.R.D. 281 (D.Md. 1987); *Snead v. Automation Industries*, 102 F.R.D. 823 (D.Md. 1984). The factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mutual Federal Savings & Loan*, 872 F.2d at 92.

The undersigned finds that Cooper has acted in bad faith based on her failure to participate in discovery. She consistently chose not to participate in discovery despite Verizon's letter, this Court's warning at the hearing on June 8, and this Court's Order on July 16. Cooper was specifically warned that a failure to comply with the undersigned's July 16, 2007 order could result in sanctions up to and including the dismissal of this action. Verizon has been prejudiced by Cooper's conduct by her failure to provide information about her claims. The need to deter plaintiffs from filing cases and then failing to support their claims in any manner is great. Finally, a less

3

drastic sanction other than dismissal is not available, as it appears that Cooper has abandoned her case.

Based on a review of the record, it is recommended that Verizon's motion for sanctions be granted and the complaint dismissed with prejudice.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

August 31, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5